IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02052-PAB

ALISON MAYNARD and
GERALD LEWIS,

    Plaintiffs,

v.

COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
APRIL MCMURREY,
JOHN GLEASON,
JAMES COYLE,
COLORADO SUPREME COURT,
MARY MULLARKEY,
GREGORY J. HOBBS, JR.,
NANCY RICE,
MICHAEL BENDER,
NATHAN BEN COATS,
ALEX MARTINEZ and
ALLISON EID,

    Defendants.

___

**ORDER**
___

This matter comes before the Court on two motions filed by plaintiff Alison Maynard, who represents herself in this action. Plaintiff Maynard's "Motion for Mandatory TRO" [Docket No. 16], filed on September 9, 2009, seeks to compel defendant Office of Attorney Regulatory Counsel ("OARC") and defendant April McMurrey to return certain files that Ms. Maynard produced to them in an ongoing disciplinary matter in the Colorado Supreme Court, *People of the State of Colorado v. Alison Maynard*, Case No. 09 PDJ 028. Ms. Maynard's "Modification of TRO

Application" [Docket No. 18], filed on September 10, 2009, requests that the Court, in addition to ordering that the OARC return her files, also reconsider its finding at the preliminary injunction hearing on September 8, 2009 that plaintiffs failed to show the bad faith exception to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Defendants filed an opposition [Docket No. 15] to the Motion for Mandatory TRO.

Ms. Maynard is asking this Court to intervene in discovery disputes in an ongoing state disciplinary proceeding. *Younger v. Harris* and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982). Thus, on its face, Ms. Maynard's request triggers abstention under *Younger*. However, Ms. Maynard's Modification of TRO Application asks the Court to consider the following discovery issues as further evidence of bad faith on defendants' part, thus justifying the "bad faith" exception to *Younger* abstention: (1) that she was recently required to leave case files with the OARC; (2) that she needs these files to identify exhibits for her upcoming proceedings in Case No. 09 PDJ 028; and (3) because the Presiding Disciplinary Judge has ordered her to leave her files with the OARC while the OARC reviews them, she must review her own files at the OARC. These allegations, which the Court will assume are true, do not rise to the level of bad faith, either by themselves or collectively with the facts brought forth at the September 8, 2009 hearing. As far back as June 11, 2009, Ms. Maynard identified the existence of these files and indicated that "[i]f opposing counsel desires to review these materials, I will have to produce them in her office."

Defendants' Exh. C to Preliminary Injunction Hearing, at C-0331.  She later denied that she made this offer.  *Id.* at C-0355.  On July 19, 2009, the People offered to copy these documents and return them to Ms. Maynard within a week.  *Id.* at C-0350.  Ms. Maynard did not agree.  These documents were the subject of a motion for expedited order compelling discovery filed by the People on August 24, 2009.  *Id.* at C-0347.  There is no indication of any bad faith or harassment by defendants during the course of this discovery dispute.  As a result, the *Younger* abstention doctrine requires this Court to abstain from considering the relief requested in Ms. Maynard's Motion for Mandatory TRO and Modification of TRO Application.

    Wherefore, it is

    ORDERED that plaintiff Alison Maynard's Motion for Mandatory TRO [Docket No. 16] and Modification of TRO Application [Docket No. 18] are denied.

    DATED September 17, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge