IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02052–WYD–KMT

ALISON MAYNARD, and
GERALD LEWIS,

      Plaintiffs,

v.

THE COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
APRIL McMURREY,
JOHN GLEASON,
JAMES COYLE,
COLORADO SUPREME COURT,
MARY MULLARKEY,
GREGORY J. HOBBS, JR.,
NANCY RICE,
MICHAEL BENDER,
NATHAN BEN COATS,
ALEX MARTINEZ, and
ALLISON EID,

      Defendants.

---

# ORDER

---

      This matter is before the court on Plaintiffs' "Verified Forthwith Request to Reconsider Denial of Preliminary Injunction" ([Doc. No. 25] [hereinafter "Mot."]) filed September 21, 2009. Defendants filed their Response on October 8, 2009. (Doc. No. 27.) Plaintiffs' filed their Reply in support of the Motion to Reconsider on November 3, 2009. (Doc. No. 58.)

      Plaintiffs ask the court to reconsider District Judge Brimmer's September 8, 2009 ruling denying Plaintiffs' Motion for Preliminary Injunction (Doc. No. 2) filed August 27, 2009. (Mot.

at 1.)  Plaintiffs claim reconsideration is warranted  "based on new evidence as well as a correction of [the court's] understanding of evidence it has already received."  (*Id*.)

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'  Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment, and Fed. R. Civ. P. 60(b) will govern all other motions.  *Id.*  Plaintiffs filed the Motion to Reconsider (Doc. No. 25) on September 21, 2009.  Judge Brimmer ruled on Plaintiffs' first  Motion for Preliminary Injunction on September 8, 2009 (Doc. No. 17).  Since Plaintiffs' Motion was filed more than ten days after Judge Brimmer's ruling, Plaintiffs' Motion will be construed as a Rule 60(b) motion.

A motion for reconsideration is limited to a narrow set of circumstances.  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law . . . .  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Rule 60(b) itself, however, provides explicit reasons for which relief may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Furthermore, it should be noted that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

Plaintiffs have failed show that Judge Brimmer misapprehended the facts of this case, Plaintiffs' position, or the controlling law.  Plaintiffs' Motion for Reconsideration essentially calls for the court to revisit numerous issues pertaining to the applicability of the *Younger* doctrine which, as the transcript shows, Judge Brimmer examined at length.  Plaintiffs have not shown why arguments now being advanced to "correct" the court's understanding of evidence already presented could not have been raised at the September 8, 2009 hearing.  To the contrary, upon review of the transcript from the September 8, 2009 hearing, this court finds Judge Brimmer's findings and holding to be well-reasoned and in accord with the evidence presented at the hearing and all applicable legal standards.  Plaintiffs have failed to show the allegedly new evidence, now put forth in favor of urging reconsideration, was previously unavailable.  Plaintiffs have also failed to demonstrate clear error or manifest injustice in Judge Brimmer's ruling.  Reconsideration is inappropriate under these circumstances.  *See Servants of the Paraclete*, 204 F.3d at 1012.  In short, Plaintiffs have not shown that extraordinary circumstances exist justifying reconsideration of Judge Brimmer's September 8, 2009 ruling

(Doc. No. 17) denying Plaintiffs' Motion for Preliminary Injunction (Doc. No. 2) based on the *Younger* abstention doctrine. *See Bud Brooks Trucking, Inc.*, 909 F.2d at 1440. Therefore, it is

ORDERED that Plaintiffs' "Verified Forthwith Request to Reconsider Denial of Preliminary Injunction" (Doc. No. 25) is **DENIED**.

Dated this 5th day of November, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge