IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02052-WYD-CBS

ALISON MAYNARD; and
GERALD LEWIS,

    Plaintiffs,

v.

COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL;
APRIL MCMURRY;
JOHN GLEASON;
JAMES COYLE;
COLORADO SUPREME COURT;
MARY MULLARKEY;
GREGORY J. HOBBS, JR.;
NANCY RICE;
MICHAEL BENDER;
NATHAN BEN COATS;
ALEX MARTINEZ; and
ALLISON EID,

    Defendants.

**ORDER**

I.     <u>INTRODUCTION</u>

THIS MATTER is before the Court on several pleadings filed by Plaintiff Allison Maynard. Specifically, this Order addresses (1) Alison Maynard's ["Maynard"] Motion for Default Judgment (doc. # 73 filed November 18, 2009), (2) Maynard's "Motion to Vacate Magistrate's Order; Renewed Request for Forthwith Ruling by Judge Daniel" (doc. # 66 filed November 16, 2009), (3) Maynard's "Emergency Request for Forthwith

Ruling" (doc. # 67 filed November 16, 2009), and (4) Maynard's Objection and Request for Reinstate Scheduling Conference (doc. # 78 filed November 24, 2009).

II.   ANALYSIS

   A.   Motion for Default Judgment

Plaintiff Maynard seeks a default judgment against all the Defendants, arguing that Defendants' Motion to Dismiss was not filed within twenty days of their general appearance in the Court or the date they first appeared before Judge Brimmer who previously presided over this case. A response in opposition to the motion was filed on November 20, 2009. I find for the reasons stated below that Plaintiff's Motion for Default Judgment should be denied.

First, as Defendants point out, Plaintiffs never served a summons and complaint in accordance with Fed. R. Civ. P. 4(j)(2) or provided a waiver request pursuant to Fed. R. Civ. P. 4(d). The time to file a responsive pleading runs from the date of service of the summons and complaint. Fed. R. Civ. P. 12(a)(1). However, Defendants have entered a general appearance in this case, which may waive any defect in service. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction) (cited with approval in *Bethley v. City of Spencer, Okl.*, No. 94-6110, 1994 WL 573765, at *4 (10th Cir. 1994)).

Nonetheless, I still find that default judgment is not proper against Defendants. Motions for default judgement are disfavored. *Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988). As noted by Defendants, courts should "not

endorse 'gotcha'-style litigation, where parties seek judgment on technical errors, not the merits of the case." *LaRiviere, Grubman & Payne v. Phillips*, 07-cv-01723-MSK-CBS, 2008 WL 4097466 at *8 (D. Colo. Sep. 4, 2008).  Courts have rejected a request for default judgment in circumstances where: (1) defendants contest subject matter jurisdiction, *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986) (per curiam); (2) the defendant moved for, and were granted, leave to join a motion to dismiss out of time, *Fisher v. Office of State Attorney 13th Judicial Circuit of Florida*, 162 Fed. App. 937, 941 (11th Cir. 2006); (3) a responsive pleading was filed prior to the motion for default and within the time set by the court, *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985); (4) the defendant has vigorously defended the action, *Barker v. Board of County Comm'rs*, 24 F. Supp. 2d 1120, 1131 (D. Colo. 1998); or (5) plaintiffs will not be prejudiced, *Schmidt v. Hudec*, 486 F. Supp. 2d 821, 826 (E.D. Wis. 2007).

I agree with Defendants that they meet all of these factors.  Defendants contested subject matter jurisdiction at the preliminary injunction hearing in September, 2009, and Judge Brimmer found Defendants' argument to be meritorious.  Further, Defendants have vigorously contested this case at every juncture and have timely filed responses to various motions submitted by Plaintiffs.

Most importantly, Defendants filed the initial motion to dismiss prior to the motion for entry of default and default judgment and within twenty days of their first appearance in Court on September 8, 2009.  After Judge Brimmer struck the first motion to dismiss on Friday, September 18, 2009, Defendants filed a corrected version on Sunday,

September 20, 2009.[1]  While Plaintiff Maynard asserts that the September 20 motion to dismiss was untimely as a responsive pleading, I disagree.  The motion was filed within the time frame set by Magistrate Judge Tafoya.  As Defendants note, their actions regarding the motion to dismiss compare favorably to Plaintiffs' multiple requests for extensions of time.  Finally, Plaintiffs have not shown how they will be prejudiced if default is not entered.  Accordingly, Plaintiff Maynard's Motion for Default Judgment is denied.

### B. "Motion to Vacate Magistrate's Order; Renewed Request for Forthwith Ruling by Judge Daniel" and "Emergency Request for Forthwith Ruling"

I now turn to Maynard's motion objecting to Magistrate Judge Tafoya's Order of November 5, 2009, denying Plaintiffs' "Verified Forthwith Request for Reconsider Denial of Preliminary Injunction" as well as her requests for a forthwith ruling on this issue. Defendants filed a response on November 30, 2009.

By way of background, Maynard first filed an Application for Temporary Restraining Order ("TRO") and Preliminary Injunction on August 27, 2009.  At a hearing on August 28, 2009, Judge Brimmer denied the request for a TRO and set a hearing on the preliminary injunction motion.  On September 4, 2009, Maynard filed a "Renewed Request for TRO".  The motions for injunctive relief and/or a TRO request that the Court compel the Office of Regulatory Counsel ("OARC") and Defendant April McMurrey to

---

[1] I note that the Motion to Dismiss filed on September 20, 2009, was denied without prejudice by Minute Order of November 3, 2009, because exhibits were referenced in the motion but not attached.  The Motion to Dismiss was refiled on November 9, 2009, and Defendants were directed by docket annotation to refile it yet again in conformity with my Practice Standards.  The Motion to Dismiss was refiled on that same date and is now again pending (doc. # 64).

return certain files that Maynard had produced to them in an ongoing disciplinary matter against Maynard in the Colorado Supreme Court, *People of the State of Colorado v. Alison Maynard*, Case No. 09 PDJ 028.

At a hearing held on September 8, 2009, Judge Brimmer denied Plaintiff's Motion for Preliminary Injunction and denied her Renewed Motion for TRO as moot, finding that the request for injunctive relief was barred under the *Younger v. Harris* doctrine of abstention. He ruled that the *Younger* doctrine espoused a strong federal policy against federal court interference with pending state judicial proceedings, which he found included the disciplinary proceedings at issue, and that Plaintiffs had not shown that the bad faith exception to *Younger* abstention applied. (Transcript of Ruling on Motion for Preliminary Injunction, doc. # 21, at 3- 18.)

On September 9, 2009, Maynard filed yet another Motion for TRO. She also filed a motion for reconsideration of Judge Brimmer's ruling denying her injunctive relief under the *Younger* abstention doctrine. Those motions were denied by Judge Brimmer by Order of September 17, 2009. He found as to the abstention issue that:

> Ms. Maynard is asking this Court to intervene in discovery disputes in an ongoing state disciplinary proceeding. *Younger v. Harris* and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982). Thus, on its face, Ms. Maynard's request triggers abstention under *Younger*.

(September 17, 2009, Order at 2.) He also again found that Maynard failed to demonstrate that Defendants' actions rose to the level of bad faith and that the " bad faith" exception to *Younger* did not apply. As a result, Judge Brimmer ruled that "the

*Younger* abstention doctrine requires the Court to abstain from considering the relief requested in Ms. Maynard's Motion for Mandatory TRO and Modification of TRO Application." (*Id.*)

On September 21, 2009, Maynard filed a Verified Forthwith Request to Reconsider Denial of Preliminary Injunction, arguing that there was now additional evidence that supported Plaintiffs' request for injunctive relief.  On October 9, 2009, Judge Brimmer issued an Order of Recusal and this action was assigned to me on October 15, 2009.  I referred the motion to reconsider to Magistrate Judge Tafoya.  She denied Maynard's motion by Order of November 5, 2009, finding that Plaintiffs failed to show grounds for reconsideration, *i.e.,* that Judge Brimmer misapprehended the facts of this case, Plaintiffs' position, or the controlling law.  She further found that Judge Brimmer's findings and holding were well-reasoned and in accord with the evidence presented at the hearing and applicable legal standards, that Plaintiffs failed to show that the allegedly new evidence was previously unavailable, Plaintiffs failed to demonstrate clear error or manifest injustice, and they did not show the existence of extraordinary circumstances which justify reconsideration of Judge Brimmer's ruling.

Maynard has now filed yet another motion attempting to overturn Judge Brimmer's ruling, entitled "Motion to Vacate Magistrate's Order and Renewed Request for Forthwith Ruling by Judge Daniel."  I construe this as an objection to the November 5, 2009 Order denying the motion to reconsider.   Maynard also filed an "Emergency Request for Forthwith Ruling", asserting that Plaintiffs are entitled to an injunction and are about to suffer irreparable harm.  I find that both motions should be denied.

In her objections to the November 5 Order of Magistrate Judge Tafoya, Maynard asserts that the ruling that she was required to file a Rule 59 or Rule 60(b) motion after denial of the motion for preliminary injunction was erroneous.  I reject this argument.  Magistrate Judge Tafoya correctly recognized that a motion for reconsideration is not recognized by the Federal Rules, and discussed the standards for granting such a motion under Rules 59 and 60.  I find that this is not erroneous, as courts have held that Rule 59(e) applies to motions for reconsideration of a preliminary injunction order.  *See Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1123 (9th Cir. 2005); *Favia v. Indiana Univ. of Pa.*, 7 F.3d 332, 338 (3rd Cir. 1993); *Derks v. Dugger*, 835 F.2d 778, 779 (11th Cir. 1987).  As explained in *Grunwald*:

> Rule 59(e) applies to "[a]ny motion to alter or amend a judgment," and under Rule 54(a), a *judgment* is defined to include "an order from which an appeal lies."  Because 28 U.S.C. § 1292(a)(1) establishes jurisdiction over an appeal from a preliminary injunction, a preliminary injunction order is a 'judgment' and is therefore entitled to Rule 59(e)'s ten-day time limit on motions for reconsideration.

*Id.* at 1123 n. 6.

Even if the order on the preliminary injunction motion should be construed as an interlocutory order, I still find that Plaintiff has not shown that reconsideration is proper.  It is true that a court has the authority to alter or amend an interlocutory order even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied.  *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000); *see also Trujillo v. Bd. of Educ. of Albuquerque*

*Public Schools*, 212 Fed. Appx. 760, 765 (10th Cir. 2007).  However, I find that Plaintiff has not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Nat. Business Brokers*, 115 F. Supp. 2d at 1255.  I also find that Plaintiff has not otherwise shown that reconsideration of the preliminary injunction Order is appropriate.  I agree with Magistrate Judge Tafoya that Judge Brimmer's Order and rulings are well reasoned and consistent with the law.

Maynard also argues that the magistrate judge is precluded by statute from ruling on a request for injunctive relief.  However, Magistrate Judge Tafoya did not rule on a request for injunctive relief—she ruled on a motion to *reconsider* a ruling denying injunctive relief.  The standards she was asked to address are the standards for reconsideration of a motion, not the standards for granting injunctive relief.  This is not a dispositive motion and a magistrate judge is authorized to rule on such a motion.

Maynard also objects to the ruling by Magistrate Judge Tafoya that Plaintiffs failed to show that the new evidence was previously unavailable.  Whether or not this is true, I find that even with the alleged new evidence Plaintiffs have still failed to show that the ruling on the *Younger* abstention doctrine is erroneous or contrary to law.  Further, I find that Plaintiff has still not shown that Defendants' conduct in this case, including the actions of Judge Lucero described in the objection, rise to the level of bad faith required for the bad faith exception to the *Younger* doctrine to apply.

Finally on this issue, Maynard asserts that her request for reconsideration of Judge Brimmer's ruling effectively constitutes a new application for preliminary injunction and that I should rule on this request de novo.  I also reject this argument.  Plaintiff's motion

for injunctive relief has been properly ruled on and denied. The fact that Judge Brimmer thereafter recused himself does not make his ruling void. Further, I find no error with Magistrate Judge Tafoya's finding that Plaintiff failed to show grounds for reconsideration of that motion. Indeed, I concur with the November 5, 2009, Order even under a de novo standard of review. Accordingly, Plaintiff's "Motion to Vacate Magistrate's Order; Renewed Request for Forthwith Ruling by Judge Daniel" and "Emergency Request for Forthwith Ruling" are denied.

      C.    <u>Plaintiff Maynard's Objection and Request to Reinstate Scheduling Conference (doc. # 78 filed November 24, 2009)</u>

On November 24, 2009, Plaintiff filed an Objection and Request to Reinstate Scheduling Conference. This relates to Magistrate Judge Tafoya's Minute Order of November 23, 2009, which vacated the Scheduling Conference and temporarily stayed briefing on the motion to dismiss until after resolution of Defendants' motion to stay discovery pending resolution of the motion to dismiss. Plaintiff asserts that in vacating the Scheduling Conference, Magistrate Judge Tafoya violated my direct order to convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order. She further asserts that Magistrate Judge Tafoya granted the extraordinary relief of a "stay of discovery" before Maynard even responded to it and before the motion to dismiss has been ruled on. Defendants filed a response on December 1, 2009.

I have reviewed these arguments and the other arguments made by Plaintiff Maynard and find that the arguments are without merit. The motion to stay discovery was referred by me to Magistrate Judge Tafoya, and she is authorized to rule on all

discovery matters in this case pursuant to the Order of Reference. Such rulings are subject to review under the clearly erroneous or contrary to law standard, since they are nondispositive in nature. "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the firm and definite conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

I find that Magistrate Judge Tafoya did not make a mistake in temporarily staying briefing pending a ruling on the motion to stay, and also find that Maynard has not shown that this ruling was contrary to law. I further find that Magistrate Judge Tafoya's Order does not contravene my directive to hold a scheduling conference. The magistrate judges have discretion to determine when and even if such a conference should be held under appropriate circumstances. Finally, a motion may be ruled on at any time pursuant to D.C.COLO.LCivR 7.1C; thus, Magistrate Judge Tafoya was not required to wait for Plaintiff's response to the motion to stay before ruling. Accordingly, Plaintiff's Objection is overruled and her Request to Reinstate Scheduling Conference is denied.

III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff Alison Maynard's Motion for Default Judgment (doc. #73 filed November 18, 2009) is **DENIED**. It is

FURTHER ORDERED that Plaintiff Alison Maynard's "Motion to Vacate Magistrate's Order; Renewed Request for Forthwith Ruling by Judge Daniel" (doc. # 66 filed November 16, 2009) is **DENIED** and her objections therein are **OVERRULED**. It is

FURTHER ORDERED that Plaintiff Alison Maynard's "Emergency Request for Forthwith Ruling" (doc. # 67 filed November 16, 2009) is **DENIED**. Finally, it is

ORDERED that Plaintiff Alison Maynard's Objection and Request to Reinstate Scheduling Conference (doc. # 78 filed November 24, 2009) is **OVERRULED.**

Dated: December 10, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge