IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02052–WYD–KMT

ALISON MAYNARD, and
GERALD LEWIS,

 Plaintiffs,

v.

THE COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
APRIL McMURREY,
JOHN GLEASON,
JAMES COYLE,
COLORADO SUPREME COURT,
MARY MULLARKEY,
GREGORY J. HOBBS, JR.,
NANCY RICE,
MICHAEL BENDER,
NATHAN BEN COATS,
ALEX MARTINEZ, and
ALLISON EID,

 Defendants.

# ORDER

 This matter is before the court on "Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss" (Doc. No. 69, filed November 17, 2009) and Plaintiff Alison Maynard's "Motion to Do Discovery, Including Renewed Motion for Rule 56(f) Extension; Partial Responses to Motion to Stay Discovery and Motion to Dismiss" (Doc. No. 83, filed December 8, 2009).  Defendants filed their "Reply to Plaintiffs' Motion to Do Discovery, Including Renewed Motion for Rule 56(f) Extension; Partial Responses to Motion to Stay

Discovery and Motion to Dismiss" on December 22, 2009.  (Doc. No. 86.)  These motions are ripe for review.

Defendant requests a stay of discovery in this case because they have filed a motion to dismiss alleging this Court does not have subject matter jurisdiction under *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust*, 263 UI.S. 413 (1923)("*Rooker-Feldman*"), *Younger v. Harris*, 401 U.S. 37 (1971), *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) and the Eleventh Amendment.  (Doc. No. 69, ¶ 4.)

Plaintiffs argue that Defendants' motion is a factual attack and that, as such, they are entitled to discovery to overcome allegations of defects in subject matter jurisdiction.  (Doc. No. 83, ¶ 3.)  "In addressing a factual attack, the court does not 'presume the truthfulness of the complaint's factual allegations.'"  *U.S. v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995)).  However, the court does have "'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'"  *Id.*  Plaintiffs, in their response to the motion to dismiss, are not prevented from addressing any of the arguments made by Defendants using such means.

Plaintiffs also assert that they are entitled to discovery because neither *Younger* nor *Rooker-Feldman* bans claims for declaratory relief.  (*Id.*, ¶ 5.)  However, the *Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding

constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Moreover, the *Rooker- Feldman* doctrine, which recognizes that the lower federal courts have no authority to review the final judgments of state courts, prevents a federal district court from issuing any declaratory relief that is inextricably intertwined with the state court judgment. *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998).

Plaintiffs' arguments regarding the preliminary injunction and the alleged conflict of the judge who heard the motion for preliminary injunction have been addressed and rejected multiple times in this case. This court declines to address the arguments again. (*See* Doc. Nos. 20, 61, 67, 85.)

If the defendants prevail on their arguments, the entire case would be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) as to all claims and Fed. R. Civ. P. 12(b)(6) with respect to the first and second claims. (*See* Doc. No. 64.) The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. 2006) (unpublished). Fed. R. Civ. P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

*Id.*  In this District, courts have found that forcing a party to engage in discovery when a motion to dismiss based on a jurisdictional defense is pending would subject him to undue burden or expense if the motion to dismiss is later granted.  *String Cheese Incident* at *2 (defense of lack of personal jurisdiction).  This court, when considering a stay of discovery, may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Id.*; *see also, FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, *2 (D. Kan. 1987) (unpublished).  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors for determination of the propriety of a stay, the Court finds that a stay is appropriate here.  It is in both parties' interests to determine if this court has subject matter jurisdiction before engaging in expensive discovery.  The parties stand to save expenses

while this initial determination is considered by the district court.  The Court also considers its own convenience, the interests of non-parties, and the public interest in general.  None of these factors prompt the court to reach a different result.  In fact, the court notes that neither its nor the parties' time is well-served by being involved in possible discovery motions and other incidents of discovery when, as here, a dispositive motion involving a jurisdictional defense is pending. *Frontier Steel Bldgs. Corp. v. S.J. Amoroso Const. Co., Inc.*, 2008 WL 1925100, 2 (D. Colo. 2008)(unpublished); *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC,* 2007 WL 4165397 at 2 (D.C. Cir. 2007) (unpublished)(noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.)  As the District of Columbia court stated, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Id.* at 5.  Finally, neither party has asserted any compelling nonparty or public interests triggered by the facts at issue.

It is therefore, **ORDERED**

1. "Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss" (Doc. No. 69, filed November 17, 2009) is GRANTED.  Discovery is stayed pending ruling on Defendants' Motion to Dismiss (Doc. No. 64); and

2.      Plaintiff Alison Maynard's "Motion to Do Discovery, Including Renewed Motion for Rule 56(f) Extension; Partial Responses to Motion to Stay Discovery and Motion to Dismiss" (Doc. No. 83) is DENIED;

3.      The parties shall file a status report within ten days of ruling on the pending motion to dismiss to advise whether the Scheduling Conference should be reset.

Dated this 13th day of January, 2010.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge