IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02052–WYD–KMT

ALISON MAYNARD, and
GERALD LEWIS,

    Plaintiffs,

v.

THE COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
APRIL McMURREY,
JOHN GLEASON,
JAMES COYLE,
COLORADO SUPREME COURT,
MARY MULLARKEY,
GREGORY J. HOBBS, JR.,
NANCY RICE,
MICHAEL BENDER,
NATHAN BEN COATS,
ALEX MARTINEZ, and
ALLISON EID,

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff Alison Maynard's "Motion for Disclosure from the Magistrate, and Suggestion of Recusal" (Doc. No. 91) filed January 19, 2010. Plaintiff requests that I disclose information regarding my "working or social relationship with one of the defendants in this case, the presiding disciplinary judge, William Lucero." Plaintiff suggests that I may be biased because both he and I were employed as Assistant United States Attorneys

during at least the time period 1997 through 2001, and she "suspect[s] that all the criminal attorneys work with each other closely."

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Section 455(a) contains an objective standard which requires disqualification "only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). This means that the judge "must recuse [herself] when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir.2002). However, § 455(a) does not require recusal "based on unsubstantiated suggestions of personal bias or prejudice." *Id.* Rather, the inquiry is "limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993). Thus, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not grounds for disqualification under § 455(a). *Id.* (citing numerous cases). Section 455(a) "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Id.* at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (further quotation omitted)). Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Hinman v. Rogers*, 831 F.2d, 937, 939 (10th Cir. 1987).

I first note that William Lucero is not, and never has been, a defendant to this action. Moreover, although I did know William Lucero while he and I were Assistant United States Attorneys, I have had no personal or social relationship with him. "Judges are not required to recuse when they have merely a casual relationship with a victim, attorney, witness, or litigant appearing before the court; occupying the bench does not require withdrawal from society." *Bragg v. Chavez*, No. CIV 07-0343 JB/WDS, 2007 WL 5685116, at *3 (D.N.M. Nov. 9, 2007) (citing *Sexson v. Servaas*, 830 F. Supp. 475, 482 (S.D. Ind. 1993). Plaintiff's reasons for recusal are vague and conclusory and do not satisfy the objective standard for disqualification required pursuant to § 455(a). I find no reason why my impartiality might objectively or reasonably be questioned in this case. Therefore, it is

**ORDERED** that Plaintiff Alison Maynard's "Motion for Disclosure from the Magistrate, and Suggestion of Recusal" (Doc. No. 91) is DENIED.

Dated this 20th day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge