IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–02052–WYD–KMT

ALISON MAYNARD, and
GERALD LEWIS,

    Plaintiffs,

v.

THE COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
APRIL McMURREY,
JOHN GLEASON,
JAMES COYLE,
COLORADO SUPREME COURT,
MARY MULLARKEY,
GREGORY J. HOBBS, JR.,
NANCY RICE,
MICHAEL BENDER,
NATHAN BEN COATS,
ALEX MARTINEZ, and
ALLISON EID,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Plaintiff Alison Maynard's "De Novo Motion for Injunction" filed March 16, 2010. (Doc. No. 101.) Defendants filed their Response on March 23, 2010. (Doc. No. 106.)

    The history of the motions for preliminary injunction and the rulings rergarding such motions was summarized as follows by Chief Judge Daniel in his Order dated December 10, 2009:

Maynard first filed an Application for Temporary Restraining Order ("TRO") and Preliminary Injunction on August 27, 2009. At a hearing on August 28, 2009, Judge Brimmer denied the request for a TRO and set a hearing on the preliminary injunction motion. On September 4, 2009, Maynard filed a "Renewed Request for TRO". The motions for injunctive relief and/or a TRO request that the Court compel the Office of Regulatory Counsel ("OARC") and Defendant April McMurrey to return certain files that Maynard had produced to them in an ongoing disciplinary matter against Maynard in the Colorado Supreme Court, *People of the State of Colorado v. Alison Maynard*, Case No. 09 PDJ 028.

At a hearing held on September 8, 2009, Judge Brimmer denied Plaintiff's Motion for Preliminary Injunction and denied her Renewed Motion for TRO as moot, finding that the request for injunctive relief was barred under the *Younger v. Harris* doctrine of abstention. He ruled that the *Younger* doctrine espoused a strong federal policy against federal court interference with pending state judicial proceedings, which he found included the disciplinary proceedings at issue, and that Plaintiffs had not shown that the bad faith exception to *Younger* abstention applied. (Transcript of Ruling on Motion for Preliminary Injunction, doc. # 21, at 3- 18.)

On September 9, 2009, Maynard filed yet another Motion for TRO. She also filed a motion for reconsideration of Judge Brimmer's ruling denying her injunctive relief under the *Younger* abstention doctrine. Those motions were denied by Judge Brimmer by Order of September 17, 2009. He found as to the abstention issue that:

> Ms. Maynard is asking this Court to intervene in discovery disputes in an ongoing state disciplinary proceeding. Younger v. Harris and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982). Thus, on its face, Ms. Maynard's request triggers abstention under *Younger*.

(September 17, 2009, Order at 2.) He also again found that Maynard failed to demonstrate that Defendants' actions rose to the level of bad faith and that the "bad faith" exception to *Younger* did not apply. As a result, Judge Brimmer ruled that "the *Younger* abstention doctrine requires the Court to abstain from considering the relief requested in Ms. Maynard's Motion for Mandatory TRO and Modification of TRO Application." (Id.)

On September 21, 2009, Maynard filed a Verified Forthwith Request to Reconsider Denial of Preliminary Injunction, arguing that there was now additional evidence that supported Plaintiffs' request for injunctive relief. On October 9, 2009, Judge Brimmer issued an Order of Recusal and this action was

2

> assigned to me on October 15, 2009. I referred the motion to reconsider to Magistrate Judge Tafoya. She denied Maynard's motion by Order of November 5, 2009, finding that Plaintiffs failed to show grounds for reconsideration, i.e., that Judge Brimmer misapprehended the facts of this case, Plaintiffs' position, or the controlling law. She further found that Judge Brimmer's findings and holding were well-reasoned and in accord with the evidence presented at the hearing and applicable legal standards, that Plaintiffs failed to show that the allegedly new evidence was previously unavailable, Plaintiffs failed to demonstrate clear error or manifest injustice, and they did not show the existence of extraordinary circumstances which justify reconsideration of Judge Brimmer's ruling.

(Doc. No. 85 at 4–6.)

On November 16, 2009, Maynard filed yet another motion attempting to overturn Judge Brimmer's ruling, entitled "Motion to Vacate Magistrate's Order and Renewed Request for Forthwith Ruling by Judge Daniel" which Chief Judge Daniel construed as an objection to the November 5, 2009 Order denying the motion to reconsider. (*Id.* at 6.) Maynard also filed an "Emergency Request for Forthwith Ruling", asserting that Plaintiffs are entitled to an injunction and are about to suffer irreparable harm. (Doc. No. 67.) Chief Judge Daniel denied both motions, finding that this court correctly applied Rule 59(e) to Plaintiffs' motion for reconsideration of a preliminary injunction order; that Maynard had not shown that reconsideration of the preliminary injunction Order was appropriate; that this court was correct in ruling on Maynard's motion for reconsideration, rather than issuing a recommendation; that any new evidence submitted by Maynard in her motion for reconsideration failed to show that the ruling on the *Younger* abstention doctrine is erroneous or contrary to law; that Plaintiff has not shown Defendants' conduct in this case rise to the level of bad faith required for the bad faith exception to the *Younger* doctrine to apply; and that Judge Brimmer's recusal from the case did

3

not make his ruling void or require Chief Judge Daniel to rule on the motion for preliminary injunction de novo. (Doc. No. 85 at 7–9.)

Maynard now seeks essentially another reconsideration of the many denials of her previous motions for preliminary injunction. Maynard seeks an order enjoining the Office of Attorney Regulation Counsel from bringing new disciplinary charges until the trial on the merits in this case has been held. (Doc. No. 101 at1.) Maynard sets forth arguments made in her previous pleadings, as well as "new evidence that the disciplinary prosecutions of [her] are being pursued in bad faith." (*Id.* at 1–2.) Maynard claims that the publisher of a private on-line publication has a standing request for disciplinary complaints and disclosed the existence of 09PDJ 028. (*Id.*, ¶ 1.) Maynard states that "OARC's providing him this complaint constitutes bad faith per se, since there is no bona fide prosecutorial or investigative purpose in publishing it." (*Id.*, ¶ 1b.) Defendants contend that Maynard's argument contains three fatal flaws. (Doc. No. 106 at 2.) First, the Attorney Regulation Counsel did not unilaterally initiate the disclosure. (*Id.*) Second, the disciplinary complaint is public when it is filed and served pursuant to Colo. R. Civ. P. 251.14, and the Attorney Regulation Counsel must disclose the information upon request from the press. (*Id.*) Third, the Attorney Regulation Counsel did not publish the document; instead it was published by an entity unaffiliated with any of the defendants. (*Id.*) Defendants contend that the Attorney Regulation Counsel does not influence editorial decisions of any private publication. (*Id.*)

Plaintiff Maynard also alleges that the Presiding Disciplinary Judge showed bias or bad faith by denying her request for costs when she prevailed in her show cause hearing. (Doc. No.

4

101, ¶ 8.) Defendants argue Plaintiff's allegation is without merit because, first, it is contradictory to argue that the Presiding Disciplinary Judge displayed bias while acknowledging that he dismissed the show cause proceeding; and second, an adverse ruling denying costs is not sufficient grounds to show bias or bad faith. (Doc. No. 106 at 2–3 [citing *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)].)

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992).

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary

> injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff has failed to address any of the four factors required for the court to grant a motion for preliminary injunction. Moreover, the court finds Plaintiff's motion is conclusory and insufficient. *See Blango v. Thornburgh*, 942 F.2d 1487, 1493 (10th Cir.1991) (holding that the district court correctly denied injunctive relief when the plaintiff's arguments "were merely conclusory reiterations of the requirements for an injunction couched in the form of declarative statements"). Plaintiff has failed to meet her burden of showing that a preliminary injunction is necessary.

Accordingly, this court respectfully

RECOMMENDS that Plaintiff Maynard's "De Novo Motion for Injunction" (Doc. No. 101) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of March, 2010.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge