IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02052–WYD–KMT

ALISON MAYNARD, and
GERALD LEWIS,

    Plaintiffs,

v.

THE COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
APRIL McMURREY,
JOHN GLEASON,
JAMES COYLE,
COLORADO SUPREME COURT,
MARY MULLARKEY,
GREGORY J. HOBBS, JR.,
NANCY RICE,
MICHAEL BENDER,
NATHAN BEN COATS,
ALEX MARTINEZ, and
ALLISON EID,

    Defendants.

---

# ORDER

---

    This matter is before the court on Proposed Intervenor Halena Lewis's "Amended

Motion to Intervene, Waiver of FRCP Rule 24(c), and Motion for Sixty (60) Day Extension."

(Doc. No. 115, filed Apr. 21, 2010.) Defendants filed a Response on May 10, 2010. (Doc. No.

122 [hereinafter "Resp."].) Ms. Lewis filed her Reply on May 19, 2010. (Doc. No. 127.) Accordingly the Motion is ripe for the court's review and ruling.[1]

At the outset the court notes that Ms. Lewis has not filed a pleading that sets out the claims or defenses for which intervention is sought, pursuant to Fed. R. Civ. P. 24(c). Indeed, Ms. Lewis concedes that she has failed to fulfill the pleading requirement of Rule 24(c); instead she seeks a waiver of Rule 24(c) and proposes that she be permitted to make her pleading orally. (Mot. at 4.) In support of this waiver of Rule 24(c), Ms. Lewis maintains that, due to an accident in 1993, she suffers chronic pain, depression, memory loss, and some cognitive impairments. (*Id.*) As such, she argues that composing a pleading would take her "much longer than it would others" and otherwise cause her "unbearable pain both mentally and physically." (*Id.*) Alternatively, Ms. Lewis proposes that if submitting her pleadings orally is not acceptable, Ms. Lewis requests that the court appoint an attorney to represent her. (*Id.*)

To the extent that a waiver of the Fed. R. Civ. P. 24(c) pleading requirement might be available, Ms. Lewis has not convinced the court that such a waiver is warranted. In support of this conclusion, the court notes that Ms. Lewis first filed a six-page Motion to Intervene (Doc. No. 107, filed Mar. 6, 2010), and then promptly filed the present Motion after her initial motion was denied for failure to comply with D.C.COLO.LCivR 7.1A. Thereafter, Ms. Lewis filed her

---

[1] The court finds that denying Ms. Lewis' Motion will not have a *res judicata* effect on her claims. *Public Serv. Co. of Colo. v. Bd. of County Comm's,* No. 04–cv–01828–REB–CBS, 2005 WL 2293650, at *2–3 (D. Colo. Sep. 19, 2005). Consequently, pursuant to 28 U.S.C. § 636, denying Ms. Lewis's Motion is within the jurisdiction of this court to determine non-dispositive pre-trial matters. *Id.* Therefore, the court issues the following order in accordance with its findings.

seven-page Reply only nine days after Defendant filed its Response. Morever, in each of these filings, Ms. Lewis has coherently and succinctly stated the grounds for her proposed intervention and incorporated relevant legal authority for her position. Altogether, while the court is not unsympathetic to Ms. Lewis's physical and mental impairments, to the extent that a waiver of Rule 24(c) pleading requirement might be available, Ms. Lewis has not demonstrated that an exemption from standard practice requiring parties to submit their pleadings in writing is warranted here.

Nor will the court appoint counsel for Ms. Lewis. The court does not have the power to appoint an attorney without the attorney's consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Absent the power to appoint counsel to a case, the court can only seek volunteer counsel to represent a party. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel. The court will seek volunteer counsel for a *pro se* party if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the party's ability to present her claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined in a wheelchair, had poor eyesight,

3

suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 879.

Here, to reiterate, Ms. Lewis has demonstrated her ability to adequately and timely communicate to the court the pertinent facts giving rise to her claims and has grounded her claims in relevant legal authority. Her filings indicate a firm grasp of the facts giving rise to her proposed intervention. The legal issues are not overly complex, novel, or difficult to state or analyze. Additionally, in light of the fact that she has adequately set out the grounds for her proposed intervention, the court finds that Ms. Lewis's impairments are not sufficiently analogous to the special circumstances in *McCarthy* to warrant appointing counsel to represent her. Finally, and as will be outlined below, the grounds for her proposed intervention are simply not strong enough to warrant the appointment of counsel.

The court now turns to Ms. Lewis's proposed intervention. In her Motion, Ms. Lewis seeks to intervene for several reasons. First, Ms. Lewis argues that Plaintiff Maynard "knowingly committed perjury to this Federal Court," as well as to the state court and the Office of Attorney Regulation Counsel ("OARC"). (Mot. at 3.) Ms. Lewis asserts that these actions "harmed [her] as well as [her] mortgage company (Bank of America) in that fraudulent liens have been place against [her] home, and a fraudulent Homeowners Association has stolen the water rights, sewage and the road access to her home as well." (*Id.*) Finally, Ms. Lewis maintains that the OARC is not "being truthful consistent, or fair" because they have "singled out" Plaintiff Maynard by pursuing disciplinary complaints against her, but have failed to pursue

4

Ms. Lewis complaints and evidence "of many of the same serious ethical violations as Ms. Maynard is being charged with." (*Id.*)

As a threshold matter, the court notes that it would be warranted to deny Ms. Lewis's Motion based alone on her failure to file a pleading with her Motion as required by Rule 24(c). *See Miami County Nat'l Bank v. Bancroft,* 121 F.2d 921, 926 (10th Cir. 1941); *Hobson v. Hansen,* 44 F.R.D. 18, 25 n.6 (D.D.C. 1968). However, in the interest of judicial economy, the court elects instead to address Ms. Lewis's arguments in favor of her proposed intervention as raised in her Motion, and concludes that the Motion should nevertheless be denied. *See Gibson v. ABN Amro Mortg. Group, Inc.,* No. COV 03733L, 2005 WL 1354823, at *3 (W.D. Okla. June 6, 2005).

Although it vaguely appears that Ms. Lewis seeks to intervene as of right (*see* Mot. at 6), the court construes her Motion liberally pursuant to her *pro se* status to seek both intervention as of right, and permissive intervention. Federal Rule of Civil Procedure 24(a) dictates when a party must be permitted to intervene as of right. Rule 24(a) first provides that the court must permit anyone to intervene who "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Ms. Lewis argues that because 42 U.S.C. § 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, and give evidence" it permits her to intervene in the present case. (Reply at 2.) However, Ms. Lewis has not cited, nor can the court otherwise find, any case concluding that 42 U.S.C. § 1981 sets forth an unconditional right to intervene. Moreover, if Ms. Lewis's construction were correct, then by its terms, section 1981

would afford every person a right to intervene in any case, regardless of whether that person has any interest in the issues at stake. Accordingly, the court finds that Section 1981 does not afford Ms. Lewis an unconditional right to intervene.

Rule 24(a) otherwise provides that a court must permit a party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical manner impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking to intervene as a matter of right must show that it has an interest in the proceedings which is "'direct, substantial, and legally protectable.'" *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (quoting *Alameda Water & Sanitation Dist. v. Browner*, 93 F.3d 88, 90 (10th Cir. 1993)). The inquiry is highly fact-specific and the interest test is a "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* at 841 (internal citations and quotations omitted).

Rule 24(a) allows intervention as of right if (1) the application is timely; (2) the movant claims an interest related to the property or transaction which is the subject of the action; (3) the movant's interest may be impaired or impeded; and (4) the movant's interest is not adequately represented by existing parties. *United States v. Albert Inv. Co., Inc.*, No. 08-6267, 2009 WL 3739424, at *3 (10th Cir. 2009). "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Commodity Futures Trading*

*Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984) (citing *Nat'l Ass'n for Advancement of Colored People v. New York,* 413 U.S. 345, 369 (1973)).

The court finds that intervention as of right by Ms. Lewis is not warranted in this case. This case revolves around whether the Defendants are biased against Plaintiff Maynard or have engaged in bad faith prosecution of disciplinary complaints against her. Thus, to the extent that Ms. Lewis argues that Plaintiff Maynard has lied to this and other courts, which allegedly resulted in "fraudulent liens being place against her home," and a "Homeowners Association stealing the water rights, sewage, and road access to her home," the court finds that Ms. Lewis's claims are not implicated in this case. (Mot. at 3.) Moreover, assuming that the merits of this case are reached, the outcome of this case will not resolve whether Plaintiff Maynard may have committed perjury before this or other courts. As such, Ms. Lewis's interests will not be impaired or impeded by this disposition of this action.

Similarly, to the extent that Ms. Lewis claims that the improperly OARC failed to pursue her grievance against other attorneys, despite the fact that they prosecuted similar complaints against Plaintiff Maynard, the disposition of this case will not impair or impede Ms. Lewis from raising these claims at any point in the future. Indeed, Defendants are correct that Ms. Lewis's claims against the OARC are exactly the opposite of Plaintiffs'—Ms. Lewis contends that the OARC *failed to pursue* her complaints, whereas Plaintiffs contends that the OARC *has pursued* complaints against Plaintiff Maynard in bad faith because they are biased against her. Because the disposition of this case will only resolve whether the disciplinary complaints against Plaintiff

7

Maynard were prosecuted in bad faith, the court finds that Ms. Lewis's claims that her complaints were not pursued will not be impaired by this case.

Finally, the court considers whether Ms. Lewis should nonetheless be allowed to permissively intervene under Federal Rule of Civil Procedure 24(b). Permissive intervention requires a petitioner to show a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b). "The decision to grant or deny a motion for permissive intervention is wholly discretionary" with the district court. *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As outlined above, Ms. Lewis's claims and defenses, while perhaps tangentially related to the case at hand, do not share the same underlying questions of law or fact. Moreover, the court notes that Ms. Lewis seeks to assert claims against *both* Plaintiff Maynard and a number of Defendants. As such, the court finds that permitting Ms. Lewis to intervene permissively would unduly delay and unnecessarily complicate this already lengthy case.

Altogether, the court finds that Ms. Lewis is not entitled to intervene as of right, pursuant to Fed. R. Civ. P. 24(a), and finds that allowing Ms. Lewis permissive intervention pursuant to Fed. R. Civ. P. 24(b) would unduly delay these proceedings.

THEREFORE, it is

ORDERED that Proposed Intervenor Halena Lewis's "Amended Motion to Intervene, Waiver of FRCP Rule 24(c), and Motion for Sixty (60) Day Extension." (Doc. No. 115) is DENIED.

Dated this 14th day of July, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge