IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02052-WYD-CBS

ALISON MAYNARD; and
GERALD LEWIS,

    Plaintiffs,

v.

COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL;
APRIL MCMURRY;
JOHN GLEASON;
JAMES COYLE;
COLORADO SUPREME COURT;
MARY MULLARKEY;
GREGORY J. HOBBS, JR.;
NANCY RICE;
MICHAEL BENDER;
NATHAN BEN COATS;
ALEX MARTINEZ; and
ALLISON EID,

    Defendants.

---

# ORDER

---

This matter is before the Court on Plaintiff Alison Maynard's ["Maynard"] Appeal of Magistrate [Judge's] Order of April 28, 2010 (ECF No. 124 filed May 10, 2010) and Maynard's "Motion for Stay, or Extension to Reply" (ECF No. 130 filed June 7, 2010). I find for the reasons stated below that Maynard's Appeal should be overruled and the Motion denied as moot.

First, as to the Appeal, Maynard objects to Magistrate Judge Tafoya's Order of April 28, 2010, which denied Maynard's motion for a one-day extension of time to file an

amended complaint in response to Defendants' Motion to Dismiss and struck the "Amended and Supplemental Complaint" tendered without leave of Court by Maynard on that same day. I overrule the Appeal.

First, I agree with Magistrate Judge Tafoya that Maynard was not permitted to file an amended complaint without the opposing parties' consent or the filing of a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a). While Maynard may have been permitted to file her amended complaint without leave of court pursuant to the previous version of Rule 15(a)(1), the Rule as amended in December 2009 no longer permits this. To the extent Maynard argues in the Appeal that she was unaware of the change to Rule 15(a), this is not a valid objection since even pro se parties are required to be aware of and comply with the applicable court rules. *See Harris v. Thomas*, No. 95-3416, 1996 WL 148611, at *2 (10th Cir. 1996) (citing *Casper v. Comm'r*, 805 F.2d 906, 906 n. 3 (10th Cir. 1986)). I also note that after Maynard's Amended and Supplemental Complaint was stricken, she filed a Motion for Leave to File Amended Complaint (ECF No. 123) as required by Rule 15(a) which has now been ruled on by Magistrate Judge Tafoya in a detailed Order and Recommendation filed July 14, 2010. Thus, Maynard was not deprived of the ability to seek leave to amend her complaint.[1]

Finally as to the Appeal, to the extent Maynard sought to file the amended complaint in response to the motion to dismiss, this was improper. An amended complaint cannot be filed in lieu of a response to a motion to dismiss, at least without leave of court. Finally, Maynard has not been prejudiced by any failure to be able to file

---

[1] That Order and Recommendation is not addressed in this Order.

the amended complaint as a responsive filing, since she has now been permitted additional time to file a response to the motion to dismiss. (ECF No. 137 at 30-31.). Based on the foregoing, Maynard's objections in her Appeal to the Order of April 28, 2010, are overruled.

I now turn to Maynard's "Motion for Stay, or Extension to Reply". That motion sought a stay of Maynard's Appeal until Magistrate Judge Tafoya ruled on Maynard's Motion for Leave to File an Amended Complaint. In the alternative, Maynard sought an extension to file a reply regarding her appeal. This motion is denied as moot given the fact that the relief requested in the motion has already occurred. My ruling on Maynard's Appeal was not issued until after Magistrate Judge Tafoya ruled on the motion for leave to amend, as requested by Maynard.

In conclusion, it is

ORDERED that Plaintiff Allison Maynard's Appeal of Magistrate [Judge's] Order of April 28, 2010 (ECF No. 124) is **OVERRULED**. It is

FURTHER ORDERED that Plaintiff Allison Maynard's "Motion for Stay, or Extension to Reply" (ECF No. 130) is **DENIED AS MOOT**.

Dated: July 29, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge