IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02052-CMA-MEH

ALISON MAYNARD, and
GERALD LEWIS,

      Plaintiffs,

v.

COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
APRIL McMURREY,
JOHN GLEASON,
JAMES COYLE,
COLORADO SUPREME COURT,
MARY MULLARKEY,
GREGORY J. HOBBS, JR.,
NANCY RICE,
MICHAEL BENDER,
NATHAN BEN COATS,
ALEX MARTINEZ, and
ALLISON EID,

      Defendants.

---

## RECOMMENDATION ON MOTION TO DISMISS

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court are Defendants' Motion to Dismiss [filed November 9, 2009; docket #64]

and Plaintiff's Motion to Strike Defendants' Motion to Dismiss [filed August 30, 2010; docket

#152].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the motions have been

referred to this Court for recommendation.  The matters are briefed, and oral argument will not

materially assist the Court in resolving the motions.  The Court recommends that, for the reasons

stated herein, the motion to dismiss be **granted** and the motion to strike be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and
file any written objections in order to obtain reconsideration by the District Judge to whom this
case is assigned.  Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify those

## BACKGROUND

Plaintiffs Alison Maynard ("Maynard") and Gerald Lewis ("Lewis") initiated this *pro se* action on August 27, 2009. Essentially, the Complaint alleges that Defendants (including the Office of Attorney Regulation Counsel and certain of its individual members, and the Colorado Supreme Court and its individual justices) denied Plaintiffs due process and equal protection of the laws when they improperly interfered with three cases in which Maynard served as counsel by initiating disciplinary actions against Maynard and by making judgments on the disciplinary actions under conflicts of interest. Docket #1 at 1-2.

Plaintiff Lewis brings claims against Defendants for denial of due process pursuant to 42 U.S.C. § 1983 for depriving him of the ability to have Maynard serve as his counsel in an ongoing property dispute (as a result of the discipline imposed against her), resulting in default and dismissal of the case for failure to prosecute. *Id.* at 25. Lewis also claims Defendants denied him equal protection of the laws when the Office of Attorney Regulation Counsel failed to investigate a grievance he brought against Victor Boog, but chose instead to investigate his attorney, Maynard. *Id.* at 28-29. Plaintiff Maynard brings claims against Defendants for denial of due process when she was denied discovery into the "trumped-up" grievances brought against her, which were allegedly initiated in retaliation for her protected political speech. In addition, Maynard claims she was denied equal protection of the laws when the Office of Attorney Regulation Counsel refused to hold her

findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

grievance in abeyance pending the resolution of Lewis' case, although the Office has previously held other attorneys' grievances in abeyance.

Defendants filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) identifying three disciplinary actions brought against Maynard since 2007 and asserting that the Court should abstain from reviewing the 2008 and 2009 cases because they are ongoing. Docket #64 at 6-11. In addition, Defendants argue that the United States District Court may not review the 2007 disciplinary action because it is a final decision of the Colorado Supreme Court and may be appealed only to the United States Supreme Court. *Id.* at 12. Defendants also claim that the Eleventh Amendment bars Plaintiffs' claims against the Office of Attorney Regulation Counsel and the Colorado Supreme Court. *Id.* Moreover, Defendants claim the individual Defendants are entitled to judicial immunity under 42 U.S.C. § 1983. *Id.* Finally, Defendants argue that Lewis' allegations for denial of due process and equal protection fail to state claims pursuant to Fed. R. Civ. P. 12(b)(6) because parties have no constitutional right to have unlicensed attorneys represent them in court proceedings, and selective enforcement is not a constitutional violation since there is a presumption that prosecutions are taken in good faith. *Id.* at 12-14.

Lewis did not respond to the Motion to Dismiss. Maynard responded by filing a Motion to Strike the Defendants' motion claiming that it was untimely filed, that Judge Daniel erroneously determined the motion to be timely filed, that the motion is moot with the Plaintiffs' filing of a new case alleging economic damages, and that the motion will be deemed moot with the Plaintiffs' forthcoming appeal of the decision denying preliminary injunction. Docket #152 at 5.

## DISCUSSION

### I.   Standard of Review

####    A.   Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the

subject matter." Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *See Basso*, 495 F.2d at 909.  Accordingly, Plaintiffs in this case bear the burden of establishing that this Court has jurisdiction to hear their claims.  Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).  In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart*, 271 F.3d at 1225.

      B.    <u>Dismissal under Fed. R. Civ. P. 12(b)(6)</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis.  First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal

conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

C.     <u>Dismissal of a *Pro Se* Plaintiff's Complaint</u>

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II.     Motion to Strike

Because the Motion to Strike, if granted, would preclude a determination of the merits of Defendants' Motion to Dismiss, the Court will begin the discussion with an analysis of Maynard's motion. Maynard raises three arguments supporting her request to strike the Motion to Dismiss.

A.     <u>"Motion is Untimely"</u>

In arguing that Defendants' motion is untimely, Maynard appears to seek reconsideration of Judge Daniel's December 10, 2009 order denying her motion for default judgment in which she argued that the motion to dismiss was not filed within twenty days of Defendants' general appearance or the date they first appeared for the preliminary injunction hearing. *See* docket #85.

A litigant subject to an adverse judgment or order, and who seeks reconsideration by the district court of that adverse judgment or order, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment or order pursuant to Fed. R. Civ. P. 60(b)." *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment or order should be considered pursuant to Rule 60(b). *Id.* Under Rule 60(b), a motion filed within a year of the order may relieve the party from the order for: "(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to file a motion under Fed. R. Civ. P. 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (2010). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

Maynard argues Judge Daniel (in affirming Magistrate Judge Tafoya) made mistakes by identifying September 8, 2009 as the date on which Defendants first appeared in Court (for purposes of time computation) and by *sua sponte* permitting the Defendants extra time within which to file a motion to dismiss, to allow compliance with the Court's Electronic Case Filing Procedures and Judge Daniel's Civil Practice Standards, in violation of Fed. R. Civ. P. 6(b)(1)(B).[2] *See* dockets #56, 85. The Court is not persuaded.

Defendants' Motion to Dismiss was originally filed on September 18, 2009, within 20

---

[2]Maynard identifies no other requests for relief as set forth in Fed. R. Civ. P. 60(b).

business days of Defendants' first appearance in Court on August 28, 2009. It is undisputed that this motion was timely filed pursuant to federal rules in effect at that time. Any time granted after August 28, 2009 for *re*-filing was not granted for purposes of extension, but rather to ensure that the motion was filed in conformance with court procedures and practice standards. "[D]istrict courts generally have broad discretion to manage their dockets." *See Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009) (internal quotation marks and citation omitted). Consequently, the Court finds that Rule 6(b)(1)(B), governing extensions of time after the time has expired, is not applicable in this instance.

Furthermore, even assuming Maynard is correct that Judge Daniel erred in computing the time necessary for Defendants to file a response to the Complaint, such ruling was only secondary. Judge Daniel first determined that default judgment was improper in this case pursuant to consideration of a number of factors met by the Defendants and to the lack of prejudice to the Plaintiffs. Docket #85 at 3-4. Maynard raises no challenge to these rulings and this Court finds no error in them.

The Court recommends that Maynard's motion to strike be **denied** in this respect.

B.      "Motion to be Deemed Moot for Appeal of Preliminary Injunction Ruling"

Maynard contends that certain issues raised in the motion to dismiss - particularly, the abstention doctrines - will be addressed in a forthcoming appeal of Judge Brimmer's ruling on her motion for preliminary injunction and, thus, the motion will be rendered moot. Even to the extent that such appeal is proper, the Court notes that Maynard's motion was filed August 30, 2010 and no appeal has been filed. The Court cannot recommend striking any motion based upon mere speculation. Thus, the Court recommends that Maynard's motion to strike be **denied** in this respect.

C.      "Motion is Moot Since Plaintiffs' Filing of New Case"

7

Maynard argues that, because she filed a new case in which she raises claims for "damages" – unlike in this case – the motion is now moot.  Maynard fails to explain the basis for her argument and the Court sees none.  Simply because she raises claims for damages in a new case, Defendants' arguments concerning subject matter jurisdiction in this case, including the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, and Eleventh Amendment immunity, are not invalidated.  If anything, to the extent that Maynard raises the same claims she has in this case (in addition to her claims for damages) in the new case, the Court must wonder whether Maynard's claims in this case have been rendered moot as duplicative.  Nevertheless, the Court perceives no basis upon which to strike Defendants' Motion to Dismiss and recommends that Maynard's motion to strike be **denied** in this regard.

### III.    Motion to Dismiss

Defendants bring their motion pursuant to both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Neither Lewis nor Maynard responded to the substance of Defendants' motion.  However, merely because a plaintiff fails to file a response to a motion to dismiss for failure to state a claim, the court may not automatically grant the motion.[3]  *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003).  Rather, "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."  *Id.* at 1178.

Here, construing the Complaint liberally, Plaintiff Lewis claims that he has suffered "severe mental and emotional distress, financial damage, and adverse health effects by virtue of [the] Defendants' acts."  *See* Docket #1 at 28, ¶ 94; *see also id.* at 29, ¶ 99.  Likewise, Maynard claims

---

[3]The applicable case law does not make clear whether a court may grant an uncontested motion brought pursuant to Fed. R. Civ. P. 12(b)(1); therefore, in an effort to present a thorough and complete recommendation for the District Court's review, this Court will assume that it must proceed with an analysis of defenses raised pursuant to Rule 12(b)(1).

that Defendants have caused her "severe mental and emotional distress, humiliation, and irreparable injury to [her] business and reputation." *Id.* at 34, ¶ 112.  However, the Plaintiffs make clear that the only relief they seek in this action is for injunctive and declaratory relief "due to the exigency of the situation."[4]  *Id.* at 2.  Specifically, Plaintiffs seek an order vacating the charges and/or decisions in disciplinary actions 07 PDJ 067 (including appeal 07 SA 100), 08 PDJ 059 and 09 PDJ 028.[5]  *See id.* at 36-37, ¶¶ 124, 125.

A.      *Younger* Abstention

Defendants contend that the disciplinary actions taken against Maynard in 2008 and 2009 are ongoing proceedings, a review from which this Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* abstention is jurisdictional. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env.,* 523 U.S. 83, 100 n. 3 (1998)).  Courts properly address the doctrine at the outset because it "neither provides a basis for nor destroys federal jurisdiction, [but] it does determine when the federal courts must refrain from exercising jurisdiction." *Chapman v. Barcus*, 372 F. App'x 899, 901 n.1 (10th Cir. Apr. 13, 2010) (quoting *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005)).  Indeed, a Court has no power to decide an issue if it lacks jurisdiction. *Steel Co.* 523 U.S. at 94, 101-02.

The *Younger* abstention doctrine, if applied, obligates the Court to dismiss an action in favor

---

[4]Plaintiffs express their intention to amend the complaint at a later time following some discovery. *Id.* at 2.  However, the Court granted Defendants' motion to stay discovery pending a ruling on the motion to dismiss (docket #76), and Magistrate Judge Tafoya has recommended denial of Plaintiffs' motion to amend (docket #137); the motion and recommendation remain pending before the District Court.

[5]Although the 2009 disciplinary action is not identified by number in the Complaint, the Defendants provide the case number in the motion to dismiss.

of an ongoing state proceeding. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) ("'*Younger* abstention is non-discretionary'; the district court must abstain once the conditions are met, 'absent extraordinary circumstances'") (quoting *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). According to the Supreme Court, federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges. *Younger*, 401 U.S. at 45, 49.

Pursuant to the *Younger* abstention doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *Unified Sch. Dist. No. 497*, 392 F.3d at 1227-28. If a party is seeking equitable relief, the Court may dismiss the suit under abstention principles "because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718, 721 (1996) (quoting *Railroad Com. of Texas v. Pullman Co.*, 312 U.S. 496, 501 (1941) (citation omitted)).

> This Court must abstain from exercising jurisdiction if the following conditions are met:
>
> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel*, 240 F.3d at 875.

In this case, Defendants raised the *Younger* abstention doctrine in response to Plaintiff's motion for preliminary injunction, which was heard by Judge Brimmer on September 8, 2009. *See* docket #21. After hearing the evidence, Judge Brimmer ruled not only that the 2008 and 2009 proceedings were ongoing, that Plaintiffs had the opportunity to raise constitutional challenges

during such proceedings, and that the disciplinary proceedings involve important state interests, but also that the Plaintiffs failed to demonstrate "extraordinary circumstances" (harassment or bad faith) overcoming the mandate to abstain if all *Weitzel* conditions are met. *Id.* at 17: 17-25, 18: 1-6. Judge Brimmer denied the motion for preliminary injunction concluding that the court must abstain pursuant to *Younger*. *Id.* at 18: 6-11.

Considering that Plaintiffs have failed to respond to Defendants' *Younger* argument raised once again as a defense in the present motion, the Court sees no reason to diverge from Judge Brimmer's ruling. *See Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007) ("[t]he standard  [for permanent injunction] is remarkably similar to the standard for a preliminary injunction. The only measurable difference between the two is that a permanent injunction requires showing *actual* success on the merits, whereas a preliminary injunction requires showing a *substantial likelihood* of success on the merits.") (emphasis added). Thus, the Court recommends that the District Court **grant** Defendants' motion to dismiss and abstain from deciding Plaintiffs' claims for injunctive and declaratory relief concerning the disciplinary actions, 08 PDJ 059 and 09 PDJ 028, which are ongoing state proceedings.

B.    *Rooker-Feldman* Doctrine

Defendants assert that this Court may not review and/or vacate the decision in disciplinary action 07 PDJ 067 (appeal, 07 SA 100) pursuant to the *Rooker-Feldman* doctrine. Defendants state that "07PDJ067 is a final judgment of the Colorado Supreme Court. Thus, Plaintiffs must seek review in the United States Supreme Court." Docket #64 at 12, ¶ 38.

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia*

*Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights").  The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In the Complaint, Plaintiffs raise various issues concerning the 2007 disciplinary proceedings and appeal.  Docket #1 at 14-19.  Even under a liberal construction, it is clear that Plaintiffs seek the Court's review of the proceedings and an order vacating the disciplinary decision.

Judge Brimmer heard argument regarding this same defense in response to Plaintiffs' motion for preliminary injunction.  Docket #35 at 7-24.  Judge Brimmer concluded that the 2007 state proceedings were final, the court was barred from any type of review, and the Plaintiffs' "only recourse is through some type of appeal to the United States Supreme Court." *Id.* at 24: 2-6.  Once again, considering that there has been no response by the Plaintiffs to the same defense raised here in the motion to dismiss, the Court need not deviate from Judge Brimmer's ruling.  The Court recommends that the District Court dismiss Plaintiffs' claims for injunctive and declaratory relief concerning the 2007 disciplinary proceedings pursuant to the bar mandated by the *Rooker-Feldman* doctrine.

C.     Eleventh Amendment

Defendants also argue that any claims, including claims for prospective injunctive relief, raised against the Colorado Supreme Court and the Office of Attorney Regulation Counsel must be dismissed pursuant to the Eleventh Amendment.

Absent an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies. *Blatchford v. Native Village of Noatak & Circle Village,* 501 U.S. 775, 785-86 (1991).

The Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of their federal rights. *See Ex parte Young,* 209 U.S. 123, 159-60 (1908). In *Young*, the Supreme Court held that the Eleventh Amendment "generally will not operate to bar suits so long as they (i) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) are aimed against state officers acting in their official capacities, rather than against the State itself." *Hill v. Kemp,* 478 F.3d 1236, 1255-56 (10th Cir. 2007); *see also Buchwald v. University of New Mexico Sch. of Med.,* 159 F.3d 487, 495 (10th Cir. 1998) (*Young* makes it clear that this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages) (citations and quotations omitted).

Here, Plaintiffs bring claims for injunctive and declaratory relief against both the Colorado Supreme Court and the Colorado Office of Attorney Regulation Counsel. As state agencies, these entities are immune from suit in federal court for all claims, including those for prospective injunctive relief. *See Hill,* 478 F.3d at 1255. Therefore, to the extent Plaintiffs raise any claims not barred by *Younger* or the *Rooker-Feldman* doctrines, the Court recommends that the District Court grant the motion and dismiss Plaintiffs' claims against the Colorado Supreme Court and the Colorado Office of Attorney Regulation Counsel.

D.    Judicial Immunity

Defendants argue that, to the extent the Plaintiffs seek prospective injunctive relief against

the individual Defendants to halt the disciplinary process, such claims must be denied pursuant to 42 U.S.C. § 1983.

Section 309(c) of the Federal Courts Improvement Act of 1996 ("FCIA") bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008) (quoting the section of the FCIA incorporated into 42 U.S.C. § 1983). Thus, the doctrine of judicial immunity extends to suits against judges where a plaintiff seeks both monetary and injunctive relief. *Id.* (citing *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006), *cert. denied sub nom*, *Sitomer v.King*, 549 U.S. 1210 (2007)).

Thus, the only type of relief available to a plaintiff who sues a judge is declaratory relief. *Id.* at 766. "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Id.*; *see also Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) (a plaintiff cannot maintain a § 1983 action for declaratory or injunctive relief unless he or she can demonstrate a good chance of being likewise injured in the future).

Here, Plaintiffs seek declaratory relief only for past acts: (1) "I am entitled to declaratory and injunctive relief as to both questions [whether the disciplinary proceedings violated the Supremacy Clause and the doctrine of res judicata], vacating the discipline imposed against me in 08 PDJ 059 for filing the RICO case"; and (2) "I (or my clients, or both) am entitled to declaratory relief adjudging that this constitutional right [denial of appeal] was violated, and either prohibitory or mandatory injunctive relief, as applicable, vacating and voiding any decision in which such consideration was absent." Docket #1 at 36-37, ¶¶ 124, 125. Such requests for declaratory relief are not justiciable. *Lawrence*, 271 F. App'x at 766.

14

Consequently, to the extent they are not barred by *Younger* and *Rooker-Feldman*, the Court recommends that the District Court grant the motion and dismiss Plaintiffs' claims for declaratory and injunctive relief against the individual judicial Defendants.

      E.    <u>Remaining Arguments</u>

Defendants argue, assumably in the alternative, that the Court should dismiss the First and Second Claims for Relief (Lewis' claims) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). When a court is faced with a motion setting forth both 12(b)(1) and 12(b)(6) defenses, it must first consider whether it has jurisdiction; if it does, the court may then proceed to determine whether the allegations fail to state claims for relief. *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987). Here, the Court has determined that it lacks subject matter jurisdiction to hear Plaintiffs' claims for relief concerning the 2007, 2008 and 2009 disciplinary proceedings. Therefore, it will not proceed to analyze the merits of the First and Second Claims for Relief.

<b><u>CONCLUSION</u></b>

Plaintiffs have failed to persuade the Court that it should strike the motion to dismiss and have failed to demonstrate that this Court has subject matter jurisdiction to hear their claims for relief. Accordingly, the Court RECOMMENDS that the District Court **deny** Plaintiff's Motion to Strike Defendants' Motion to Dismiss [filed August 30, 2010; docket #152], **grant** Defendants' Motion to Dismiss [filed November 9, 2009; docket #64] and dismiss Plaintiffs' claims for relief for lack of subject matter jurisdiction.

Respectfully submitted at Denver, Colorado, this 17th day of November, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge