**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02052-CMA-MEH

ALISON MAYNARD; and
GERALD LEWIS,

    Plaintiffs,

v.

COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL;
APRIL MCMURRY;
JOHN GLEASON;
JAMES COYLE;
COLORADO SUPREME COURT;
MARY MULLARKEY;
GREGORY J. HOBBS, JR.;
NANCY RICE;
MICHAEL BENDER;
NATHAN BEN COATS;
ALEX MARTINEZ; and
ALLISON EID,

    Defendants.

## ORDER OF RECUSAL

This matter is before the Court *sua sponte* and upon review of Plaintiffs' Objection to Judge Martinez's Recusal and Waiver of Conflict (Doc. # 191). Until the filing of Doc. # 191, the undersigned was not aware that Plaintiff Maynard was the same Alison Maynard who had opposed Ken Salazar in the 2002 election for Attorney General. Plaintiff Maynard never requested the undersigned's recusal and, prior to the filing of Doc. # 191, this Court was unaware that Plaintiff Maynard perceived the

undersigned to have a bias or conflict of interest in this case.  Although Plaintiff Maynard has not requested the undersigned to recuse herself, Plaintiff Maynard has objected to the reassignment of this case to the undersigned and has expressed great concern over the undersigned's past association with the Office of the Colorado Attorney General, in general,  and with Ken Salazar, in particular.  The undersigned's employment in the Office of the Colorado Attorney General dates back more than 10 years and, as Deputy for State Services and as Chief Deputy, the undersigned was the supervisor of all the attorneys in the Office.  Thus, the fact that the  undersigned supervised Mr. Knaizer, attorney for the Defendants, more than 10 years ago, does not constitute a basis for recusal.

In her Objection, however, Plaintiff Maynard indicates that she believes the undersigned has a direct conflict as a result of her relationship with Secretary Salazar, and that she perceives the undersigned to have a bias against her, as a result of the undersigned's relationship with Secretary Salazar.  Although the undersigned's relationship with Secretary Salazar would not impact in any way the fairness and objectivity with which the undersigned would perform her duties in this case, based on the unique circumstances of this case, the Court finds that it is not unreasonable for Ms. Maynard to harbor doubts about its impartiality. As a result, recusal is required by 28 U.S.C. § 455(a), and the undersigned hereby recuses herself from this case. It is, therefore,

ORDERED that the judge's file be returned to the clerk.   The Court having determined that 09-cv-02052 and 10-cv-01850 are related matters and orders of recusal having entered in both cases, 09-cv-02052 is to be randomly drawn and 10-cv-01850 is to be directly assigned to the same judge randomly drawn for 09-cv-02052.

DATED:  March   16  , 2011

BY THE COURT:

*(signature: Christine M. Arguello)*

_____
CHRISTINE M. ARGUELLO
United States District Judge