IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-1850-JLK-BNB

GERALD LEWIS, and
ALISON MAYNARD,

    Plaintiffs,

v.

JOHN GLEASON, et al.

    Defendants.
_____

ORDER CONSOLIDATING CASE WITH RELATED CASE 09-cv-2052
AND WITHDRAWING REFERENCE
_____

KANE, J.

This case, together with related case Alison Maynard et al. v. Colorado Supreme Court Office of Attorney Regulation Counsel, et al, Civil Action No. 09-cv-2052-JLK-MEH, was recently reassigned to me pursuant to Chief Judge Daniel's Transfer Order (Doc. 161). Operative Orders of Reference (to Magistrate Judge Hegarty in 09-cv-2052 and Magistrate Judge Boland in 10-cv-1850) are in effect in both cases. Having reviewed the files in both cases, which include numerous pending motions directed at Complaints for relief that fall short of the requirements of Rule 8, Fed. R. Civ. P., and which obviously include claims for which no relief is possible under the law or facts alleged, I issue the following ORDERS:

    1.    On my own motion given the common parties and facts alleged, Civil

Action 10-cv-1850-JLK-BNB is CONSOLIDATED with 09-cv-2052-JLK-MEH. In accordance with D.C.COLO.LCiv.R 42.1, Civil Action 09-cv-2052-JLK-MEH shall constitute the lead case, and all future filings in either 09-cv-2052 or 10-cv-1850 shall be made in that case.

2. In light of the consolidation of these cases, the Order of Reference to Magistrate Judge Boland in 10-cv-1850 is superfluous and is VACATED. Magistrate Judge Boland's service in the case to date is noted and appreciated.

3. The newly consolidated action shall be captioned as follows:

Civil Case No. 09-cv-2052-JLK-MEH

In re Alison Maynard and Gerald Lewis civil rights litigation.
_____

ALISON MAYNARD, and
GERALD LEWIS,

      Plaintiffs,

v.

COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION, et al.

      Defendants.

[Individual filings should indicate here whether they apply to Civil Action 09-cv-2052, 10-cv-1850 or that the DOCUMENT APPLIES TO BOTH CASES]
_____

4. Having reviewed the Complaints in the now-consolidated cases, and on my own motion under Fed. R. Civ. P. Rules 8(a) and 12(f)(1), I ORDER the operative Complaints in 09-cv-2056 and 10-cv-1850 STRICKEN. I acknowledge that Plaintiffs are

proceeding pro se, but note Ms. Maynard states she is a licensed attorney in the state of Colorado with 22 years of practice. Despite this, the Complaints before me are so far afield from asserting "short and plain statement[s]" of either the grounds for this court's jurisdiction (Fed. R. Civ. P. 8(a)1)) or of a "claim showing that the pleader is entitled to relief" (Rule 8(a)(2)) that it is difficult to discern what Plaintiffs' essential theory of relief is. Given that Plaintiffs purport to be asserting these claims against so many defendants – including Colorado Supreme Court and Appeals Court judges – who enjoy general immunity from suit, the Complaints have triggered numerous and overlapping motions to dismiss, ensuing referrals and recommendations of magistrate judges, recusals, and other motions practice. The train stops here.

    5.    The order striking Plaintiffs' Complaints is WITHOUT PREJUDICE to those Complaints being refiled at some point, but only under the following conditions:

    a.    Plaintiffs shall prepare and file a Status Report, on or before April 15, 2011, setting forth a <u>chronology</u> of the facts leading up to the filing of the instant lawsuit and identify all <u>other legal actions</u> they have filed based on those facts and the <u>procedural history</u> of each. Defendants may file a Joint Status Report on the same date setting forth their respective positions on the facts and proceedings leading up to the filing of these now-consolidated actions.

    b.    Plaintiffs shall read, and shall certify in their Status Report that they have read, the following cases and authorities:

- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

- *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009);

- *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);

- *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); and

- *Bronstein v. Supreme Court of Colorado*, 981 F. Supp. 1361 (D. Colo. 1997)(Kane, J.)(applying Rooker-Feldman doctrine to find no subject matter jurisdiction over action initiated by Colorado bar applicant against state judicial officers).

c. The parties must have participated meaningfully in a STATUS CONFERENCE with Magistrate Judge Hegarty, which Magistrate Judge Hegarty shall schedule, at which the substance of Plaintiffs' claims are discussed and efforts are made to tailor those claims to those over which I have jurisdiction. The Magistrate Judge shall issue a Report after this conference, in which he shall state his recommendation as to whether Plaintiffs are ready to file an Amended Consolidated Complaint.

6. Only after these preconditions are met will I entertain a Motion from Plaintiffs to file an amended complaint.

7. Finally, in light of the STRIKING of Plaintiffs' Complaints, all currently pending motions in these consolidated cases are DENIED as MOOT.

8. For administrative purposes and for clarity, this Order SHALL BE DOCKETED in both Civil Actions 09-cv-2052-JLK-MEH and 10-cv-1850-JLK.

Dated this 29th day of March, 2011.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE