IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 09-cv-2052-JLK-MEH (consolidated with 10-cv-1850 and 11-cv-901-JLK)

In re Alison Maynard and Gerald Lewis civil rights litigation.
_____

ALISON MAYNARD, and
GERALD LEWIS,

    Plaintiffs,

v.

COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION, et al.

    Defendants.

    [DOCUMENT APPLIES TO Civil Action 09-cv-2052 and 11-cv-901-JLK]

_____

ORDER GRANTING MOTION TO CONSOLIDATE, STRIKING CIVIL ACTION,
AND NOTICE RE RULE 11 SANCTIONS
_____

Kane, J.

This matter is before me on Plaintiffs' "Motion to Consolidate with New Case 11-cv-901 [and] for Joint Hearing on Application for Preliminary Injunction" (Doc. 210). In accordance with D.C.COLO.LCiv.R 42.1, the Motion to Consolidate is GRANTED, Civil Action 11-cv-901-BNB shall be renumbered 11-cv-901-JLK, and shall be CONSOLIDATED with Civil Action No. 09-cv-2052-JLK. The current referral of Civil Action 11-cv-901-JLK to the court's pro se docket is WITHDRAWN.

However, having reviewed the Complaint and Motion for temporary and

preliminary injunctive relief filed by Ms. Maynard in Civil Action No. 11-cv-901-JLK, I ORDER the Complaint STRICKEN and NOTIFY Ms. Maynard that the filing of Civil Action 11-cv-901-JLK violated her duties as an attorney under Fed. R. Civ. P. 11(b).

*Fed. R. Civ. P. 12(f).*

Civil Action 11-cv-901-JLK is yet another attempt to rehash matters that have either already been decided or are already before the Court in Civil Action 09-cv-2052-JLK. According to Ms. Maynard, the facts alleged in 11-cv-901 "have been set forth in two cases already pending in this court . . . 09-cv-2052 . . . [and] 10-cv-1850," Mot. to Consolidate (Doc. 210), Civil Action No. 09-cv-2052-JLK, and for her relief, she seeks only "to renew [the] application [for injunctive relief] in 09-cv-2052" and order the same relief "*de novo*" in 11-cv-901. *See* New and Renewed Application for TRO (Doc. 3), at 2. Because it contains only redundant, immaterial, and impertinent matters, new Civil Action 11-cv-901-JLK is subject to striking under Fed. R. Civ. P. 12(f).

Civil Action No. 11-cv-901-JLK is also impertinent and subject to striking under Rule 23(f) to the extent it constitutes an attempt to circumvent my March 29, 2011 Order striking Plaintiffs' Complaints in 09-cv-2052-JLK and 10-cv-1850-JLK and requiring them to participate meaningfully in a status conference with Magistrate Judge Hegarty before continuing to pursue their claims in 09-cv-2052-JLK.

Further, the triggering event for the filing of Civil Action 11-cv-901-JLK was a state district court's order dismissing a similar case based on the same allegations in

Denver District Court.[1]  Rather than file an appeal of the state court order, Maynard states she filed 11-cv-901-JLK to seek a temporary and preliminary injunction to "bar enforcement" of the state judge's order, Mot. Consol. at ¶ 2, and so she could make allegations in 09-cv-2052-JLK that "[the state judge's] acts constitute further retaliation of the type complained of against the State Defendants in 09-cv-2052." *Id.*  The number of ways and reasons Ms. Maynard's allegations fail to support a pertinent or viable separate action in this court are difficult to overstate. Civil Action 11-cv-901-JLK is subject to striking for this additional reason as well.

*Rule 11 Sanctions.*

I find Ms. Maynard's filing of Civil Action 11-cv-901-JLK is in direct contravention of my 3/29 Order (Doc. 202) prohibiting any further filing on the claims alleged in 09-cv-2052 until Plaintiffs have complied with my referral to Magistrate Judge Hegarty.  I further find Ms. Maynard's signing of the Complaint violates the spirit of my Orders dated April 4, 2011 (Doc. 207) and April 5, 2011 (Doc. 209).  Based on the notice provided in my April 4 Order that Ms. Maynard's continued signing of papers in support of claims and motions that have been denied will constitute a representation in violation of her duties under Fed. R. Civ. P. Rule 11(b), Ms. Maynard is hereby NOTIFIED that her filing of Civil Action No. 11-cv-901-JLK was not reasonable under the circumstances

---

[1] According to Maynard, she "filed the new case originally in Denver District Court," where it asserted claims based on facts "set forth in two cases already pending in this court . . . 09-cv-2052 [and] 10-cv-1850." Mot. Consol. (Doc. 210) at ¶ 1.

and SUBJECTS her to SANCTIONS under Fed. R. Civ. P. 11(c).  No response to this Notice is necessary at this time, as I will DEFER hearings on Rule 11 issues and appropriate sanctions for the time being.  Ms. Maynard will be provided an opportunity to be heard on my Rule 11 findings before any sanctions are imposed.

Civil Action No. 11-cv-901-JLK is DISMISSED in its entirety, with prejudice. Dated April 7, 2011.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE