IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 09-cv-2052-JLK-MEH (consolidated with 10-cv-1850)

In re Alison Maynard and Gerald Lewis civil rights litigation.
_____

ALISON MAYNARD, and
GERALD LEWIS,

    Plaintiffs,

v.

COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION, et al.

    Defendants.

[DOCUMENT APPLIES TO BOTH 09-cv-2052 and 10-cv-1850]

_____

ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (Doc. 242)
_____

KANE, J.

These consolidated cases are before me on the Objection of *pro se* Plaintiffs Alison Maynard and Gerald Lewis to Magistrate Judge Hegarty's July 18, 2011 Report and Recommendation (Doc. 242). I referred the cases to Magistrate Judge Hegarty after striking Plaintiffs' original Complaints based on the *ad hominem* tenor of their allegations and finding Plaintiffs' actual claims for relief "difficult to discern." *See* Order (Doc. 202). In my Order, I consolidated the cases and ordered the parties to participate "meaningfully" in a status conference with the Magistrate Judge Hegarty aimed at determining what Plaintiffs' actual complaints were and whether those complaints could

be tailored to one or more cognizable claims for relief.  I denied all currently pending motions and ordered Plaintiffs to review a series of authoritative cases before any amendment of pleadings would be considered.  Finally, I ordered Plaintiffs to prepare a Status Report identifying all other legal actions they have filed and maintained in this or any other court arising out of Ms. Maynard's representation of Mr. Lewis in the ill-fated real property litigation and fully disclosing the procedural history of each.  After the status conference, Magistrate Judge Hegarty was to issue a recommendation as to whether leave to file an amended consolidated Complaint should be granted, or whether doing so would simply be futile.

     Magistrate Judge Hegarty did as requested, ultimately issuing a 54-page Report culminating with the recommendation that leave to file an Amended Consolidated Complaint should be denied as futile.  In a thorough and detailed analysis, giving Plaintiffs every benefit of the doubt under applicable Fed. R. Civ. P. Rule 12 standards, Magistrate Judge Hegarty concluded Plaintiffs' allegations – those made previously and portended – failed to state a single viable claim for relief against any of the state court judges, attorneys, individuals, or disciplinary entities Plaintiffs intended to name as Defendants.

     Foreseeably, Plaintiffs objected to the Report and Recommendation (Doc. 251). They did so under protest given that they had previously filed a Notice of Appeal and a Petition for Writ of Mandamus to the Tenth Circuit Court of Appeals, which they argued deprived this Court, and the Magistrate Judge, of jurisdiction over the consolidated cases

generally.[1]  At some point during this period, Ms. Maynard moved out of state and the Court of Appeals actions were dismissed for failure to prosecute.  While I had reviewed the Recommendation and each of the related filings at the time they were made, the matter fell into a sort of limbo and no final disposition on Plaintiffs' Objection was ever made.  There has been no action and no filings in these cases since September 2011.

Having now re-reviewed the Report and Recommendation (Doc. 242), Plaintiffs' Objections (Doc.251), and related briefing, IT IS ORDERED THAT

The Magistrate Judge's Report and Recommendation (Doc. 242), is ACCEPTED and ADOPTED as an Order of the Court.  While my review under Fed. R. Civ. P. Rule 72 is *de novo*, I agree with the Magistrate Judge's exceedingly fair and thoughtful analysis on all counts, and conclude no purpose would be served by allowing Plaintiffs to file what would be an ineffective Consolidated Amended Complaint that failed to state any viable, actionable claims against the Defendants.  This case is DISMISSED, with prejudice, with the parties to bear their own fees and costs.

Dated July 25, 2012.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE

---

[1] I note that at various stages of this litigation, Plaintiffs have argued that *all* of the judges in this district, save Judge Martinez, lacked jurisdiction over their cases for reasons ranging from personal bias to outright corruption.